IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARASH FARASAT, Individually and on Behalf of All Others Similarly Situated, § § § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:13-cv-270-L-BN | |
| § | | |
| RP MANAGING PARTNERS, LLC, § R. P. VALET-PARKING, INC., and § ROOZBEH "RP" PAYERVAND, § Individually, § § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On September 5, 2013, the Court entered an order granting the motion to withdraw [Dkt. No. 22] of Lynn Tillotson Pinker & Cox, LLP and its attorneys John T. Cox III, Alan Dabdoub, and LaKeisha M. Forté (collectively, with LTPC, "Defendants' counsel") as counsel for Defendants RP Managing Partners, LLC, R.P. Valet-Parking, Inc., and Roozbeh "RP" Payervand. *See* Dkt. 24. As the Court's September 5 order explained, these attorneys' withdrawal as counsel from this litigation has further implications for this case's progress going forward.

Defendant Roozbeh "RP" Payervand is an individual and may, if he chooses, represent himself in this matter. *See* 28 U.S.C. § 1654. But, insofar as Defendants RP Managing Partners, LLC and R.P. Valet-Parking, Inc. are neither individuals nor sole proprietorships, each of these defendants must be represented by an attorney in

litigation in federal court. *See M3Girl Designs, LLC v. Purple Mountain Sweaters*, No. 3:09-cv-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010).

Accordingly, in its September 5 order, the Court ordered that Defendants RP Managing Partners, LLC and R.P. Valet-Parking, Inc. must each obtain legal counsel and cause the new counsel to enter an appearance in this case by no later than September 30, 2013. The Court's order also warned these defendants that a defendant's failure to hire counsel to represent it may result in appropriate measures, including possibly striking the defendant's defenses and entering a default judgment against the defendant. *See Adonai Communications, Ltd. v. Awstin Investments, L.L.C.*, No. 3:10-cv-2642-L, 2012 WL 899271, at *1-*2 (N.D. Tex. Mar. 16, 2012); *Top Sales, Inc. v. Designer Vans, Inc.*, No. 3:96-cv-721-D, 1997 WL 786254, at *1-*2 (N.D. Tex. Dec. 11, 1997).

The Court ordered that service of the September 5 order be effected by the Clerk's mailing a copy of the order to the address provided for each defendant by their counsel in the motion to withdraw. The Court also ordered Mr. Cox to transmit a copy of the September 5 order to each Defendant (or its representative). The copies of the September 5 order mailed by the Clerk have, to date, not been returned as undeliverable, and Mr. Cox filed a certificate of service reporting his service of the order on his clients (or their representatives) as required, *see* Dkt. No. 25.

Despite the Court's September 5 order requiring the now-unrepresented corporate defendants to obtain new counsel, new counsel has not entered an

appearance for Defendant RP Managing Partners, LLC or Defendant R.P. Valet-Parking, Inc. Defendants' former counsel reported that Defendants advised counsel that they would be filing bankruptcy soon, *see* Dkt. No. 22 at 2, but, as of this date, Defendants have not filed any notice of bankruptcy in this case.

In federal court, a corporation is not permitted to proceed *pro se*. "The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)).

"[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). When a corporation declines to hire counsel to represent it, the Court may properly strike its defenses, if it is a defendant. *See Donovan*, 736 F.2d at 1005 (holding district court properly struck defenses of corporate defendant who declined to hire counsel). Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel. *See PalWeb Corp. v. Vimonta AG*, No. 3:00-cv-1388-P, 2003 WL 21992488, at *1 (N.D. Tex. Aug.19, 2003) (entering a final judgment against the defendant, a Swiss company, and finding that the defendant had been validly served; that the defendant entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the court ordered the defendant to obtain substitute counsel (licensed

to practice in the court's jurisdiction) on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that defendant was therefore in default); *see also Mount Vernon Fire Ins. Co. v. Obodoechina*, Civ. A. No. 08-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb.19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

Defendants RP Managing Partners, LLC and R.P. Valet-Parking, Inc. remain unrepresented by counsel and have failed to comply with the Court's order. In the Court's September 5 order, the Court admonished these defendants that failure to obtain counsel may result in appropriate measures, including possibly striking the defendant's defenses and entering a default judgment against the defendant.

The undersigned has considered the imposition of alternate sanctions short of striking each defendant's defenses and entering a default. However, lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits. These defendants were given 25 days to obtain new counsel and were warned of these possible consequences if they failed to do so, and, as required by the Court, their counsel advised them of the Court's September 5 order. *See* Dkt. No. 25.

**Recommendation**

The undersigned recommends that:

(1) the Court order that Defendants RP Managing Partners, LLC and R.P. Valet-

Parking, Inc. are in default;

(2) the Court direct the Clerk of Court, pursuant to Fed. R. Civ. P. 55(a), to enter default against Defendants RP Managing Partners, LLC and R.P. Valet-Parking, Inc.;

(3) the Court order that the Original Answer to Plaintiff's Original Complaint and Affirmative Defenses [Dkt. No. 8] filed by Defendants RP Managing Partners, LLC and R.P. Valet-Parking, Inc. be stricken as to those Defendants; and

(4) the Court order that Plaintiff shall move for default judgment against Defendants RP Managing Partners, LLC and R.P. Valet-Parking, Inc. for failure to appear by and through counsel.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79

F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 2, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE