IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARASH FARASAT, Individually and on Behalf of All Others Similarly Situated, | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:13-cv-270-L-BN |
| RP MANAGING PARTNERS, LLC, R. P. VALET-PARKING, INC., and ROOZBEH "RP" PAYERVAND, Individually, | | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 12. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court strike Defendant Roozbeh "RP" Payervand's answer, direct the Clerk of Court to enter default against Defendant Roozbeh "RP" Payervand, and order Plaintiff to move for default judgment against Defendant Roozbeh "RP" Payervand for failure to comply with court orders.

**Background**

On January 22, 2013, Plaintiff Arash Farasat sued Defendant Roozbeh "RP" Payervand and two of Mr. Payervand's companies – Defendants RP Managing Partners, LLC and R.P. Valet-Parking, Inc. – for violations of the Fair Labor Standards

Act. *See* Dkt. No. 1.

On August 23, 2013, following a telephonic oral argument with Plaintiff's counsel and Defendants' counsel, the Court entered an order that granted Plaintiff's motion to compel discovery responses [Dkt. No. 16] as follows: "As to Plaintiff's Interrogatory No. 1, the motion is granted insofar as the parties agreed that Defendants will amend their response and produce responsive information on a rolling basis, with the first production of information due on August 30, 2013." Dkt. No. 20 at 1.

On September 5, 2013, the Court entered an order that granted the motion filed by Lynn Tillotson Pinker & Cox, LLP and its attorneys John T. Cox III, Alan Dabdoub, and LaKeisha M. Forté to withdraw as counsel for Defendants RP Managing Partners, LLC, R.P. Valet-Parking, Inc., and Roozbeh "RP" Payervand. *See* Dkt. No. 24. In that Order Granting Motion to Withdraw as Counsel, the Court noted that "Defendant Roozbeh 'RP' Payervand is an individual and may, if he chooses, represent himself in this matter." *Id.* at 3. Mr. Payervand apparently has chosen to do so, because no attorney has entered an appearance on Mr. Payervand's behalf since the time of his former counsel's withdrawal.

In the September 5, 2013 Order Granting Motion to Withdraw as Counsel, the Court reminded the parties "that the Court's August 23, 2013 order granting in part and denying in part Plaintiff's Motion to Compel [Dkt. No. 20] and the Court's First Amended Scheduling Order [Dkt. No. 21] remain in effect." *Id.* at 4. Defendants' now former counsel served a copy of the September 5, 2013 Order Granting Motion to

Withdraw as Counsel on Defendants as a condition of counsel's withdrawal. *See* Dkt. No. 25.

On November 21, 2013, Plaintiff reported that Defendant Roozbeh "RP" Payervand had failed to produce <u>any</u> of the information that the Court's August 23, 2013 Order required him to produce beginning on August 30, 2013 and that Mr. Payervand had not answered or returned any of Plaintiff's counsel's calls to discuss these matters. *See* Dkt. No. 35 at 2.

In a November 25, 2013 Order to Show Cause, the Court set a show cause hearing for December 5, 2013 at 2:00 p.m. before U.S. Magistrate Judge David L. Horan, 1100 Commerce Street, 15th Floor, Dallas, Texas and ordered Defendant Roozbeh "RP" Payervand to attend this hearing in person, then and there to show cause why he should not be held in civil contempt or otherwise sanctioned pursuant to Fed. R. Civ. P. 37(b)(2)(A) for failing to comply with this Court's August 23, 2013 Order granting in part and denying in part Plaintiff's Motion to Compel [Dkt. No. 20]. *See* Dkt. No. 36. Plaintiff's counsel was also ordered to attend this hearing. *See id.* The Court's Order to Show Cause further provided that Defendant Roozbeh "RP" Payervand also may – <u>in addition to</u> (not in lieu of) appearing at the December 5, 2013 show cause hearing – file a written response by December 4, 2013, explaining why he should not be held in civil contempt or otherwise sanctioned pursuant to Fed. R. Civ. P. 37(b)(2)(A) for failing to comply with this Court's August 23, 2013 Order granting in part and denying in part Plaintiff's Motion to Compel [Dkt. No. 20].

The Court's Order to Show Cause warned the parties that, "[i]f Plaintiff's'

counsel or Defendant Roozbeh 'RP' Payervand fails to appear at the show cause hearing, the Court may impose additional sanctions, including striking pleadings or parts thereof, dismissing claims in whole or in part, and rendering a default judgment." *See id.* (citing FED. R. CIV. P. 16(f)(1) (authorizing sanctions under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) for violating pretrial order)).

The November 25, 2013 Order to Show Cause was served by the Clerk on Defendant Roozbeh "RP" Payervand, along with a copy of the August 23, 2013 Order [Dkt. No. 20], the August 23, 2013 First Amended Scheduling Order [Dkt. No. 21], and the September 5, 2013 Order Granting Motion to Withdraw as Counsel [Dkt. No. 24], via certified mail, return receipt requested, at the following address: Roozbeh "RP" Payervand, 3613 Cedar Springs Road, Second Floor, Dallas, Texas 75219. *See id.* At the December 5, 2013 show cause hearing, Plaintiff's counsel reported that they had also attempted to serve Defendant Roozbeh "RP" Payervand with a copy of the Court's November 25, 2013 Order to Show Cause [Dkt. No. 36]. At the Court's direction, Plaintiff's counsel filed a certificate of service reflecting that attempted service. *See* Dkt. No. 40. Plaintiff reported that, through a courier, he had attempted to deliver the Order Imposing Sanctions and Deadline for Compliance [Dkt. No. 38] on Defendant Payervand and, when he was unable to do so, delivered it on the Field Manager of Defendant Payervand's business and on a second person who identified himself as a company consultant. *See id.*; *see also* Dkt. No. 52.

Defendant Roozbeh "RP" Payervand made no filing and did not appear at the December 5, 2013 show cause hearing, even though the undersigned waited to begin

the hearing until 2:20 p.m.

On December 11, 2013, the Court issued an Order Imposing Sanctions and Deadline for Compliance. *See* Dkt. No. 38. That order noted that Defendant Roozbeh "RP" Payervand had then failed to comply with the Court's August 23, 2013 order granting in part and denying in part Plaintiff's Motion to Compel [Dkt. No. 20] for over three months and failed to comply with the Court's November 25, 2013 Order to Show Cause [Dkt. No. 36]. The Court held: "the undersigned believes that, at this stage, Defendant Roozbeh 'RP' Payervand should be required to pay Plaintiff Arash Farasat's reasonable expenses, including attorneys' fees, caused by Defendant Roozbeh 'RP' Payervand's failure to comply with the Court's August 23, 2013 order granting in part and denying in part Plaintiff's Motion to Compel [Dkt. No. 20] for over three months, including Plaintiff's fees and costs incurred in bringing and pressing their Motion for Order to Show Cause Why Defendant Should Not be Held in Contempt [Dkt. No. 35] and preparing for and appearing at the December 5, 2013 show cause hearing." Dkt. No. 38 at 6. The Court further ordered that Defendant Roozbeh "RP" Payervand shall fully comply with the Court's August 23, 2013 order granting in part and denying in part Plaintiff's Motion to Compel [Dkt. No. 20] by December 30, 2013 – which "means that Defendant Roozbeh 'RP' Payervand must amend Defendants' response to Plaintiff's Interrogatory No. 1 and produce <u>all</u> information responsive to Plaintiff's Interrogatory No. 1 by December 30, 2013" – and warned that, "[i]f Defendant Roozbeh 'RP' Payervand fails to do so, Plaintiff may file an appropriate motion for sanctions for the Court's consideration." *Id.* at 6-7.

Finally, the Court explained: "The undersigned will not recommend that the Court grant Plaintiff's request to find or hold Defendant Roozbeh 'RP' Payervand in contempt at this time. However, Defendant Roozbeh 'RP' Payervand is warned that the undersigned will consider imposing, or, as appropriate, recommending that Judge Lindsay impose, additional sanctions, including civil contempt, striking pleadings or parts thereof, and rendering a default judgment, if Defendant does not comply with the requirements of this Order and the Court's August 23, 2013 order granting in part and denying in part Plaintiff's Motion to Compel [Dkt. No. 20]." *Id.* at 7.

Defendant Roozbeh "RP" Payervand did not comply with any of the Court's orders, *see* Dkt. No. 43, and the record reflects that attempted delivery by mail of service on Defendant Roozbeh "RP" Payervand of various orders by the Clerk of the Court and by Plaintiff's counsel have been returned as "refused," *see* Dkt. No. 41; Dkt. No. 43 at 3-4.

On December 11, 2013, Plaintiff filed his application for attorneys' fees pursuant to the Order Imposing Sanctions and Deadline for Compliance [Dkt. No. 38], and Defendant failed to timely respond. *See* Dkt. No. 42; Dkt. No. 46. On December 20, 2013, the Court granted the award of fees as a sanction under Rule 37 and ordered Defendant Roozbeh "RP" Payervand to pay Plaintiff Arash Farasat the amount of $3,232.90 by March 12, 2014. *See* Dkt. No. 46.

On February 17, 2014, Plaintiff filed a Motion to Hold Defendant Roozbeh "RP" Payervand in Contempt [Dkt. No. 43], in which he reports as follows: "Plaintiff's counsel has made repeated attempts to contact Payervand in person to discuss the

issues presented in this motion and other issues in the pending litigation. Most recently, Plaintiff's counsel went in person on January 29, 2014 to the previously last known business address of Payervand – 3513 Cedar Springs Rd., 2nd Floor, Dallas, TX 75219. Plaintiff's counsel found the building empty. Counsel later determined Payervand's new business address to be 2911 Turtle Creek Blvd, Ste. 300, Dallas, TX 75219-6243. On February 7, 2014, Plaintiff's counsel went to Payervand's new business address in an attempt to communicate directly with Payervand. At Payervand's new address, Counsel was met by a person who identified himself as Reza Salah. Mr. Salah stated that Mr. Payervand was not there, and he refused to accept any documents on behalf of Payervand and refused to give any additional location information for Payervand." Dkt. No. 43 at 4; *see also* Dkt. No. 52.

In a February 21, 2014 Second Order to Show Cause, the Court set a show cause hearing for March 19, 2014 at 2:00 p.m. before U.S. Magistrate Judge David L. Horan, 1100 Commerce Street, 15th Floor, Dallas, Texas and ordered Defendant Roozbeh "RP" Payervand to attend this hearing in person, then and there to show cause why he should not be held in civil contempt or otherwise sanctioned pursuant to Fed. R. Civ. P. 37(b)(2)(A) for failing to comply with this Court's August 23, 2013 Order granting in part and denying in part Plaintiff's Motion to Compel [Dkt. No. 20], this Court's November 25, 2013 Order to Show Cause [Dkt. No. 36], and this Court's December 11, 2013 Order Imposing Sanctions and Deadline for Compliance [Dkt. No. 38]. *See* Dkt. No. 47. Plaintiff's counsel was also ordered to attend this hearing. *See id.* The Court's Second Order to Show Cause further provided that Defendant Roozbeh "RP" Payervand

also may – <u>in addition to</u> (not in lieu of) appearing at the March 19, 2014 show cause hearing – file a written response by March 10, 2014, explaining why he should not be held in civil contempt or otherwise sanctioned pursuant to Fed. R. Civ. P. 37(b)(2)(A) for failing to comply with this Court's August 23, 2013 Order granting in part and denying in part Plaintiff's Motion to Compel [Dkt. No. 20], this Court's November 25, 2013 Order to Show Cause [Dkt. No. 36], and this Court's December 11, 2013 Order Imposing Sanctions and Deadline for Compliance [Dkt. No. 38]. *See id.*

The Court's Second Order to Show Cause warned the parties that, "[i]f Plaintiff's' counsel or Defendant Roozbeh 'RP' Payervand fails to appear at the show cause hearing, the Court may impose additional sanctions, including striking pleadings or parts thereof, dismissing claims in whole or in part, and rendering a default judgment." *See id.* (citing FED. R. CIV. P. 16(f)(1) (authorizing sanctions under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) for violating pretrial order)).

The February 21, 2014 Second Order to Show Cause was served by the Clerk on Defendant Roozbeh "RP" Payervand at the following addresses: Roozbeh "RP" Payervand, 3613 Cedar Springs Road, Second Floor, Dallas, Texas 75219, and Roozbeh "RP" Payervand, 2911 Turtle Creek Blvd., Ste. 300, Dallas, Texas 75219-6243. *See* Dkt. Nos. 48, 49, 50. At the Court's direction, on March 21, 2014, Plaintiff's counsel filed a certificate of service documenting Plaintiff's efforts to ensure that Defendant Roozbeh "RP" Payervand had notice of documents filed with the court and court proceedings. *See* Dkt. No. 52.

In addition to testifying about Plaintiff's counsel's prior effort to provide

Defendant Roozbeh "RP" Payervand with copies of motions and orders filed in this case, as discussed above, Plaintiff's counsel reported that, "[o]n March 3, 2014, I arranged for service on Payervand with this Court's Second Order to Show Cause (Dkt. No. 47). Payervand was served through his agent by a courier at his business address at 2911 Turtle Creek Blvd., Ste. 300, Dallas, TX 72219-6243" and that, "[o]n March 19, 2014, I arranged for hand delivery of a letter to Payervand at his business address of 2911 Turtle Creek Blvd., Ste. 300, Dallas, TX 75219-6243 through his agent." *Id.* The letter was attached as an exhibit to the affidavit and states "[w]e are sending you this letter by courier to remind you that [you] have been ordered to attend a hearing today, March 19, 2014 at 2 p.m before U.S. Magistrate Judge David L. Horan, at 1100 Commerce Street, 15th Floor, Dallas, Texas regarding whether you should be held in civil contempt and otherwise sanctioned pursuant to Fed. R. Civ. P. 37(b)(2)(A) and Fed. R. Civ. P. 16(f)." Dkt. No. 52-4.

Defendant Roozbeh "RP" Payervand made no filing and did not appear at the March 19, 2104 second show cause hearing, even though the undersigned waited to begin the hearing until 2:24 p.m.

Defendant has not paid the Plaintiff's attorneys' fees as ordered by the Court as a sanction for failure to comply with discovery orders.

## Legal Standards

The Court has broad discretion in formulating sanctions for a violation of its scheduling or pretrial orders. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). Under Federal Rule of Civil Procedure 16(f), the Court may, *sua sponte*,

issue sanctions, including those authorized under Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii), if a party fails to comply with a pretrial order. *See* FED. R. CIV. P. 16(f)(1) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: ... (C) fails to obey a scheduling or other pretrial order.").

Rule 37(b)(2)(A), in turn, provides: "If a party or a party's officer, director, or managing agent – or a witness designated under [Federal Rule of Civil Procedure] 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under [Federal Rule of Civil Procedure] 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." But, when considering sanctions under Rule 16(f), the Court should fashion remedies suited to the misconduct and should consider whether lesser sanctions, short of contempt, dismissal, or a default judgment, may prove effective. *See, e.g., Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012).

Under Rule 16(f), the extreme sanction of a default judgment requires "a clear record of delay or contumacious conduct by the" party to be sanctioned. *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 627 (5th Cir. 1997). And, when the Court awards default judgment as a discovery sanction, two criteria must be met. *See Smith v. Smith,* 145 F.3d 335, 344 (5th Cir. 1998). First, the penalized party's discovery violation must be willful. *See id.* Second, the drastic measure is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect. *See id.* The Court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial and whether the client was blameless in the violation. *See Plasticsource Workers Comm. v. Coburn*, 283 F. App'x 181, 184 (5th Cir. 2008).

## Analysis

The record in this case documents a clear history of contumacious conduct by Defendant Roozbeh "RP" Payervand. Mr. Payervand has violated several orders entered by the undersigned magistrate judge. He has failed to provide discovery after repeatedly being ordered to do so for over six months. He has failed to pay court-ordered attorneys' fees imposed as a sanction for his failure to comply with the discovery orders. And he has twice failed to comply with orders requiring him to appear in person at show cause hearings. In addition, he has repeatedly evaded service of process of documents filed in and entered by the Court, and he has failed and refused to confer with Plaintiff's counsel.

Mr. Payervand's actions reflect a blatant disrespect for the judicial system and persistent disregard of the responsibilities owed to the court and his opponents. Based

on the continuing nature of Mr. Payervand's non-compliance and his repeated attempts to evade service, and the fact that Mr. Payervand was repeatedly given fair warning that his non-compliance would result in sanctions, the undersigned concludes that Mr. Payervand's non-compliance with court orders was willful, knowing, and the result of bad faith and that there is nothing before the Court to suggest that Mr. Payervand's actions and non-compliance result from mistake or inadvertence. *See Bell v. Texaco, Inc.*, F. App'x 587, 593 (5th Cir. 2012) (holding that willfulness may be found by repeated failures to comply with discovery orders); *Smith,* 145 F.3d at 344 ("In making it's 'bad faith' determination, the district court was entitled to rely on its complete understanding of the parties' motivations."). And Mr. Payervand, who is proceeding *pro se*, has no one to blame but himself for this conduct. The undersigned also concludes that Mr. Payervand's failure to comply with discovery orders prejudices Plaintiff's preparation of this case for a motion for conditional certification and for trial.

The undersigned has considered alternate sanctions. But the less drastic sanctions previously levied by the Court did not serve to deter continued poor conduct by Defendant Roozbeh "RP" Payervand, and Mr. Payervand was specifically warned that the undersigned would recommend striking pleadings or parts thereof and rendering a default judgment dismissal as the sanction for future failure to comply with its orders. The undersigned concludes that lesser sanctions at this stage of the proceedings would not serve the interests of justice or advance the disposition of this action on the merits. *See Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984) ("When lesser sanctions have proved futile, a district court may properly

dismiss a suit with prejudice."); *Bell*, 493 F. App'x at 593 (holding that a Rule 37 dismissal was not erroneous where the district court had ordered monetary reimbursement prior to dismissing the case).

For all of these reasons, the undersigned concludes that Defendant Roozbeh "RP" Payervand's violations of the Court's orders cannot be allowed to continue unabated without consequences and that, under Rule 16(f) and Rule 37(b), the extreme sanction of striking Defendant's answer and entering a default and thereafter default judgment is warranted.

**Recommendation**

The undersigned recommends that the Court grant in part and deny in part Plaintiff's Motion to Hold Defendant Roozbeh "RP" Payervand in Contempt as follows:

(1) the Court order that the Original Answer to Plaintiff's Original Complaint and Affirmative Defenses [Dkt. No. 8] filed by Defendant Roozbeh "RP" Payervand be stricken;

(2) the Court direct the Clerk of Court, pursuant to Fed. R. Civ. P. 55(a), to enter default against Defendant Roozbeh "RP" Payervand; and

(3) the Court order that Plaintiff shall move for default judgment against Defendant Roozbeh "RP" Payervand for failure to comply with court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### Direction to the Clerk

The Clerk of Court is DIRECTED to serve a copy of these findings, conclusions, and recommendation on Defendant Roozbeh "RP" Payervand via certified mail, return receipt requested, at each of the following addresses: Roozbeh "RP" Payervand, 3613 Cedar Springs Road, Second Floor, Dallas, Texas 75219; Roozbeh "RP" Payervand, 2911 Turtle Creek Blvd., Ste. 300, Dallas, TX 75219-6243.

DATED: March 24, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE